[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13356
Non-Argument Calendar

_____

Agency Nos. A099-550-854,
A099-550-855

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2010
JOHN LEY
CLERK

JEAN LUC SHIRLEY,
MARIE ROSELINE SHIRLEY SANON,
STACY LAURINE SHIRLEY,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 3, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jean Luc Shirley and his family, natives and citizens of Haiti, petition for review of the order of removal and decision of the Board of Immigration Appeals that affirmed the denial of Shirley's application for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. § 1231(b)(3). Shirley argues that he was persecuted based on his opposition to the Lavalas Party and based on a political opinion imputed to him in his capacity as a security guard at the Embassy of the United States in Haiti. The Board found that Shirley failed to establish that he had suffered past persecution or had a well-founded fear of future persecution on account of a protected ground. We deny the petition.

Shirley testified about several incidents in Haiti, but substantial evidence supports the finding of the Board that the incidents, even when considered cumulatively, do not establish that he suffered past persecution. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1353 (11th Cir. 2009). Shirley's testimony that he received anonymous telephone calls in which the callers threatened to harm Shirley and his family, his testimony that he was threatened, insulted, and exposed to tear gas while guarding the Embassy, and his testimony that his wife was followed home from work on one occasion support a finding that Shirley and his family suffered harassment, not persecution. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). Shirley testified about three other incidents

in which shots were fired at his house, a truck rammed his vehicle and forced it off the road, and two men attempted to kidnap his daughter and threatened to kill him, but substantial evidence supports the finding of the Board that these incidents of alleged persecution were not attributable to a protected ground. Shirley did not know who shot at his home, and he did not present any evidence that the shooting was politically motivated. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1238 (11th Cir. 2006). Shirley likewise could not identify the driver of the truck that hit his vehicle. Although Shirley later received a anonymous telephone call in which the caller said he had "missed" Shirley and threatened to "get [Shirley's] wife and child," Shirley received the telephone call weeks after the accident and the caller did not give a reason for the collision. See id. The record also allows an inference that Shirley was not the intended victim when masked men attempted to kidnap Shirley's daughter and threatened to kill him. The masked men stopped a truck owned and operated by Shirley's friend in which Shirley and his family happened to be riding. Random acts of crime do not constitute persecution. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

Substantial evidence also supports the finding that Shirley does not have a well-founded fear of future persecution. Shirley is no longer employed by the Embassy of the United States, and he has been in this country for more than four

3

years.  Shirley did not testify that he has engaged in any political activity that would give the Lavalas Party reason to target him when he returns to Haiti. Shirley never sought protection from the Haitian authorities and, although he testified that his wife believed police officers were corrupt, the 2008 Country Report states that the Haitian National Police were working to "eliminate corruption within its ranks."  Shirley argues that he cannot relocate within Haiti because of ongoing "political anarchy," but an alien is not entitled to asylum simply because he "'fears the general danger that inevitably accompanies political ferment and factional strife.'"  Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1328 (11th Cir. 2001) (quoting Huaman-Cornelio v. BIA, 979 F.2d 995, 1000 (4th Cir. 1992)).

Shirley's petition is **DENIED**.